# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TREVOR COLE,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:19CV00360 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **M. BRECKON, WARDEN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Trevor Cole, Pro Se Petitioner; Kathryn A. Rumsey, Assistant United States Attorney, Charlottesville, Virginia, for Respondent.*

Petitioner, Trevor Cole, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] He has also filed a Motion to Amend, which I will grant. Cole contends that one of his convictions and his sentence must be revisited in light of *United States v. Wheeler*, 886 F.3d 415, 425–26 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019). After review of the record and the parties' submissions, I conclude that the United States' Motion to Dismiss must be granted.

---

[1] Cole is confined at United States Penitentiary in Lee County, which is located in this judicial district.

I.

During sentencing proceedings, Cole's victims testified about his crimes:

> [O]n September 2, 2012, Cole and a co-defendant, Jean Phillippe, accosted a woman at gunpoint in the common area outside her apartment and forced her into her apartment. Cole and Phillippe bound her with duct tape and held her captive and bound until Tuesday, September 4, 2012. During that time, additional accomplices joined Cole and Phillippe in the apartment. Several of the men sexually assaulted the female victim and one urinated on her. The robbers forced the victim to call her boyfriend to induce him to come to the apartment. When the victim's boyfriend arrived on Tuesday, he was beaten, hit on the head with a gun, and stabbed. The male victim finally gave the men the combination to a safe he kept in another apartment. Some of the robbers went to that location, emptied the safe of its contents ($40,000), and returned to demand that the male victim provide additional money — or else they would kill him. Ultimately, Cole and his accomplices left the premises after unsuccessfully trying to call the male victim's mother to steal more money.

Mem. Decision & Order at 2, *United States v. Cole*, Nos. 12-cr-0802 (KBF), 16-cv-4501 (KBF) (S.D.N.Y., Apr. 30, 2018), ECF No. 278.

In October of 2012, a grand jury in the Southern District of New York charged Cole and two codefendants with conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(b)(3) ("Hobbs Act") (Count One); robbery, in violation of 18 U.S.C. § 1951(b)(3) (Count Two); conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201 (Counts Three and Four); and brandishing a firearm in relation to a crime of violence, namely robbery and kidnapping, in violation of 18 U.S.C. § 924(c) (Count Five). Cole pled guilty to all counts, without a plea agreement.

At his plea hearing, the district court ensured that Cole understood each charge against him and the maximum term of imprisonment, fine, and forfeiture as to each charge, including the statutory maximum term of life imprisonment on the kidnapping charges. Questioned about the factual basis for his plea, Cole stated: "1, along with others, agreed to kidnapping [the female victim] and did so on 9/2/12 by forcing her into her apartment where she was bound and held for two days until [the male victim] came in and he was kidnapped and bound. As proceeds of the robbery we took marijuana, money and personal property." Tr. of Change of Plea Hr'g at 24, *Id.*, ECF No. 54. Cole also admitted seeing a gun being brandished so that the victims could see it, to forcing the victims to use their cell phones (which were capable of making out-of-state or international calls), and to threatening or using force against the victims to obtain keys and information then used by the robbers to enter another apartment and take property items. Cole also stated that the crimes and the agreement to commit them occurred in the Bronx. The prosecutor proffered evidence that the target of the crimes — marijuana — had been shipped from California. The judge accepted Cole's guilty plea.

The district court held a *Fatico* hearing[2] to determine whether sexual exploitation had occurred during the kidnapping and whether a ransom was

---

[2] *United States v. Fatico*, 579 F.2d 707, 711–14 (2d Cir. 1978) (permitting hearings on factual issues at sentencing).

demanded. Each of these facts — if found — would support significant increases in the sentencing guidelines calculations. *See* U.S. Sentencing Guidelines Manual ("USSG") § 2A4.1(b)(1), (5). Both victims testified. After considering the evidence and submissions by the parties, the district court found, by a preponderance of the evidence, that sexual exploitation and ransom occurred during the kidnapping. *See United States v. Cole*, No. 12 Cr. 802(KBF), 2014 WL 465254, at *1, (S.D.N.Y. Jan. 27, 2014), *aff'd*, 594 F. App'x 35 (2d Cir. 2015) (unpublished).

At sentencing, the district court calculated Cole's total offense level at 47, which included enhancements based upon the findings from the *Fatico* hearing. The district court also determined, over Cole's objections, that Cole was a career offender under USSG § 4B1.1, based on a prior youthful offender adjudication under New York law. *See United States v. Matthews*, 205 F.3d 544, 548 (2d Cir. 2000) ("[T]he fact that New York courts do not use youthful offender adjudications as predicates for enhanced sentencing . . . does not restrict federal courts from taking them into account when imposing sentences under the Guidelines.") (citation omitted); *United States v. Driskell*, 277 F.3d 150, 154 (2d Cir. 2002) (holding that under the sentencing guidelines, a youthful offender adjudication can be considered in calculating criminal history points). The career offender designation increased Cole's criminal history category from IV to VI.

The district court calculated Cole's guideline range at life imprisonment and ultimately decided that life in prison (plus a seven-year term for the firearm offense) was appropriate, based on Cole's brutality and violence, fear that he would harm others in the future, and the escalation of his violent criminal history. The … court noted that a life sentence is "the appropriate sentence irrespective of the guidelines" and that "should any portion of the guidelines calculations be later determined to be inappropriate, the court would nonetheless, under [18 U.S.C. §]3553(a), sentence [Cole] to the same term." Tr. of Sent'g at 62, *Cole,* No. 12 Cr. 802 (KBF), ECF No. 115. Judgment entered against Cole on February 3, 2014.

On appeal, Cole argued that his guilty plea was not knowingly and voluntarily made, that his sentence was procedurally and substantively unreasonable, and that counsel provided ineffective assistance. The United States Court of Appeals for the Second Circuit rejected Cole's first two arguments on the merits, declined to address the third on direct appeal, and affirmed the district court's judgment. *Cole*, 594 F. App'x 39. Among other things, Cole argued that sexual exploitation should have been found by a jury beyond a reasonable doubt, rather than by the district court by a preponderance of the evidence. The court of appeals rejected this argument, concluding that "judicial factfinding is proper with respect to sentencing enhancements under an advisory Guidelines system." *Id.* at 38 (citing *Alleyne v.*

*United States*, 133 S. Ct. 2151, 2161–63 (2013); *United States v. Singletary*, 458 F.3d 72, 80 (2d Cir. 2006)).

In June of 2016, Cole filed a Motion to Vacate, Set Aside or Correct the Sentence under 28 U.S.C. § 2255, claiming that counsel was ineffective during plea negotiations; that he could not be a career offender under the guidelines following *United States v. Johnson*, 135 S. Ct. 2551 (2015); and that *Johnson* rendered his sentence unconstitutional because Hobbs Act robbery no longer serves as a predicate offense for a firearm conviction under 18 U.S.C. § 924(c). § 2255 Mot., *Cole*, No. 1:12-cr-00802-JMF, ECF No. 264 (also found at *Cole v. United States*, No. 1:16-cv-04501-KBF (S.D.N.Y.), ECF No. 1).

In April of 2018, the district court rejected Cole's § 2255 claims. Mem. Decision & Order at 17. *Cole*, No. 12-cr-0802 (KBF), ECF No. 278, and No. 1:16-cv-4501, ECF No. 8. As to *Johnson*'s applicability to his sentence, the district court held that its detailed sentencing decision made clear that Cole's status as a career offender was immaterial to the ultimate sentence imposed and that, nonetheless, *Beckles v. United States*, 137 S. Ct. 886 (2017) foreclosed his *Johnson* argument. Mem. Decision & Order at 12-13, Id. *Cole*, No. 12-cr-0802, ECF No. 278. Then, as to *Johnson*'s applicability to Cole's § 924(c) conviction, the district court noted that even if the residual clause of § 924(c) were to be found constitutionally invalid, the Second Circuit has held that Hobbs Act robbery and federal kidnapping are crimes

of violence under § 924(c)(3)(A). *Id.* at 15-16 (citing *United States v. Hill*, 832 F.3d 135, 144 (2d. Cir. 2016); *United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992)). Therefore, the district court upheld the § 924(c) conviction, denied the § 2255 motion, and declined to issue a certificate of appealability. Cole's appeal was unsuccessful.

Cole's § 2241 petition as amended asserts the following grounds for relief:

(1) The factual findings used to support the guideline enhancements were outside the plea agreement and were not found by a jury, as required by *Alleyne*, 570 U.S. 99; *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); and *Apprendi v. New Jersey*, 530 U.S. 466 (2000);

(2) In determining whether Cole was a career offender under the guidelines, the district court erred in considering his prior conviction that had a youthful offender adjudication;

(3) Cole is actually innocent of his conviction under § 924(c) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that residual clause in definition of violent felony related to § 924(c) offense is unconstitutionally vague).

As relief, Cole seeks to have his § 924(c) conviction vacated and to be resentenced without the career offender designation, based solely on the facts to which he admitted during his guilty plea hearing.

The United States has filed a Motion to Dismiss as to claims one and two, and Cole has responded to that motion. He has also filed a Motion for Summary Judgment regarding those claims. I find that the motions are ripe for consideration and that I do not require a response from the United States to decide claim three.

## II.

Generally, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the "savings clause" of § 2255 allows a federal prisoner to seek relief under 28 U.S.C. § 2241 if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. *Wheeler*, 886 F.3d at 425–26. Thus, unless the requirements are met, a district court may not entertain a § 2241 petition that challenges the validity of a federal conviction or sentence. *Id.*

The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

In *Wheeler*, the United States Court of Appeals for the Fourth Circuit outlined when the savings clause may be used to challenge an allegedly unlawful sentence.

886 F.3d at 428–29. Specifically, the Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when all four of the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429. For the following reasons, the court concludes that Cole has not satisfied the *Wheeler* requirements as to any of his claims.

Cole's claim one, challenging his career offender sentence, fails under the second and fourth *Wheeler* prongs. It does not rest on any change to substantive law that occurred *after* Cole's appeal and his initial § 2255 motion. *Alleyne*, *Booker*, *Blakely*, and *Apprendi* were all decided before the district court sentenced Cole in February of 2014 and before his direct appeal and § 2255 proceedings which he filed in 2014 and 2016, respectively. In addition, the district court expressly held that a life sentence was appropriate for Cole's conduct, irrespective of any guideline enhancements. Thus, Cole cannot show that the sentence enhancements he challenges caused the district court to impose a life sentence. Moreover, none of the cases on which Cole relies here applied to his case. His statutory maximum sentence was life in prison, such that no sentence enhancement found by the judge under the

preponderance of the evidence standard pushed Cole's sentence above that statutory maximum. Therefore, Cole has not shown that any post-conviction change in substantive law has caused his sentence to be fundamentally defective so as to satisfy the fourth prong of the *Wheeler* analysis.

In Cole's claim two, alleging that his youthful offender adjudication was an unlawful predicate for designating him a career offender, he makes no attempt to satisfy the *Wheeler* prongs. At the time of trial, the district court decided, under controlling Second Circuit precedent, that the youthful offender adjudication was properly counted as a predicate offense for career offender designation under the federal sentencing guidelines, regardless of New York state law on the matter. In denying Cole's § 2255 motion, the district court reaffirmed this ruling. In any event, without regard to Cole's career offender status, the district court imposed life as the appropriate sentence. Cole has not identified any subsequent change in substantive law that rendered his sentence fundamentally defective. Thus, he fails to satisfy the second or fourth *Wheeler* prongs.

For the stated reasons, Cole has not demonstrated under the requirements of *Wheeler* that § 2255 is inadequate and ineffective to test the legality of his sentence. Consequently, I have no jurisdiction to address the merits of his claims under § 2241. I will grant the United States' Motion to Dismiss and deny Cole's Motion for

Summary Judgement as to claims one and two and dismiss these claims without prejudice for lack of jurisdiction.

I also conclude that claim three, challenging the validity of Cole's § 924(c) conviction, must be summarily dismissed. Section 924(c) authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). At the time Cole was convicted, § 924(c)(3) defined the term "crime of violence" in two subparts — the first known as the elements clause, and the second known as the residual clause. Under § 924(c)(3), a crime of violence was "an offense that is a felony" that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *United States v. Davis*, decided well after Cole's direct appeal and initial § 2255 motion, the Supreme Court held that § 924(c)(3)(B), the definition's residual clause, was unconstitutionally vague. 139 S. Ct. at 2336.

Cole argues here that this holding invalidates his § 924(c) conviction. He is mistaken. As the district court found in rejecting Cole's similar challenge in his § 2255 motion, the Second Circuit has held that Hobbs Act robbery and federal kidnapping are crimes of violence under § 924(c)(3)(A), the elements clause. *Hill*,

832 F.3d at 144 ("Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'") (quoting 18 U.S.C. § 924(c)(3)(A)); *Patino*, 962 F.2d at 267 ("That the crime of kidnapping involves the threatened use of physical force against a person and is thus a crime of violence under this statute cannot be questioned."). Because the *Davis* decision thus did not decriminalize Cole's firearm use during the Hobbs Act robbery and kidnapping, he cannot show under *Jones*, 226 F.3d at 333–34, that § 2255 is inadequate or ineffective to test the legality of his § 924(c) conviction based on that conduct. Thus, I have neither jurisdiction nor any legal ground on which to grant him relief on this claim under § 2241. Accordingly, I will summarily dismiss claim three without prejudice for lack of jurisdiction.

### III.

In conclusion, for the stated reasons, I will grant the United States' Motion to Dismiss claims one and two without prejudice for lack of jurisdiction, and I will summarily dismiss claim three without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith.

    DATED: March 13, 2020

    /s/ JAMES P. JONES
    United States District Judge